### SICKLES v. SHAW.

(City Court of New York, General Term. January, 1902.)

ACTION—RENT—EVIDENCE—SUFFICIENCY.

In an action for installments of rent which became due on August 1st and September 1st, the answer denied that there was rent due from August 1st. Plaintiff testified that he had no remembrance of the amounts paid, and could not say how many payments were made, or what the payment made July 31st was for, but presumed it was for rent; he knew defendant left owing two months' rent; his books would show, but he did not have them there. He was not asked to bring them. *Held*, that the testimony did not support the claim for the two months' rent.

O'Dwyer, J., dissenting.

Appeal from trial term.

Action by Daniel E. Sickles against John C. Shaw. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Modified.

Argued before O'DWYER and HASCALL, JJ.

John C. Shaw, in pro. per.

Hays & Hershfield (Daniel P. Hays, of counsel), for respondent.

HASCALL, J. Defendant was plaintiff's tenant under written lease, the rent being "payable in equal monthly payments of $116.66 each on the first day of every month during said term." The agreement was for a term of 10 months and 24 days, commencing November 6, 1899, to end September 30, 1900; so it appears that the first payment was due December 1, 1899, and those subsequent thereto on the 1st day of each succeeding month. In the absence of provision for rent in advance, it became payable at the close of each month.

The plaintiff claims to recover for the monthly installments becoming due August 1 and September 1, 1900, while the answer, denying that defendant failed to pay the rent from the 1st day, and that there is due the rent from the 1st day of August, demands that the complaint, as regards that item, be dismissed.

The only witness testifying at the trial (the plaintiff himself) said:

"I haven't here any memorandum as to the amounts paid by Mr. Shaw during the term of this lease. My bookkeeper has it. * * * I cannot say how many payments were paid. I cannot state as to what the payment made on July 31st is for. I don't know what that payment was for. I presume it was for rent, etc. I know he left owing two months' rent. This is all I can recall now. But my books will show. I haven't got them here. I was not asked to bring them."

Under full and proper proof, it is possible that plaintiff might recover all that he has demanded, but the testimony adduced did not sustain the complaint. The court was right in proceeding with the trial, as no good reason, required by the rule, was shown for postponement; but we think the grounds upon which the judgment stands are insufficient to maintain it in its entirety.

The judgment and order appealed from should be modified by reducing the amount of recovery by the sum of $116.66, besides the costs and disbursements of this appeal, which must be allowed to the appellant, and, as so modified, affirmed.

O'DWYER, J. (dissenting). I cannot agree with Justice HASCALL. The action was commenced July 17, 1901,—over nine months after the term created by the lease had expired,—and the evidence abundantly shows that the defendant was owing two months' rent when the term expired. There is no doubt about that fact, and, although the complaint may incorrectly state the exact due date of the month's rent, that mistake does not present reversible error. On the other hand, justice requires that the pleading be amended to conform to the proof, and the judgment and order appealed from affirmed, with costs.

Reargument ordered.